O'CONNOR PLAYDON & GUBEN LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JERROLD K. GUBEN   3107-0
MIRANDA F. TSAI    8308-0
Makai Tower, 24th Floor
733 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
jkg@opglaw.com
mft@opglaw.com

Attorneys for Debtor and
Debtor-in-Possession,
GOKO RESTAURANT ENTERPRISES, LLC

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | Case No. 13-00554 (Chapter 11) |
|---|---|
| GOKO RESTAURANT ENTERPRISES, LLC, | *Hearing:* <br> Date: <br> Time: |
| Debtor and Debtor-in-Possession. | Judge: Honorable Robert J. Faris |

## DECLARATION OF CLINTON M.S. GOO

I, Clinton Goo, hereby declare as follows:

1. I am the sole member and manager of the Debtor, and the Responsible Person.

2. Debtor is a franchisee of Sizzler USA Franchise, Inc. and owns and operates the Sizzler Hawaii restaurants. All stores operate under the same federal tax identification number.

3. I submit this Declaration in Support of the Debtor's First Day Motions separately filed, including:

- Application for Order Authorizing Retention of O'Connor Playdon & Guben LLP as General Counsel for the Debtor

- Motion for Order Prohibiting Utilities from Altering, Refusing or Discontinuing Services, and Providing Adequate Assurance of Payment to Utility Providers, or the Alternative, Pay Utilities Pre-Petition Invoices

- Motion to Pay Pre-Petition Critical Vendors

- Motion for Order Authorizing Debtor to Honor Existing Merchant Service Agreement and Authorizing Continued Use of Existing Cash Management System and Bank Accounts

- Motion for Order Authorizing Debtor to Honor Pre-Petition Special Offers, Discount Cards, Trade Checks, and Gift Cards

- Motion to Pay Pre-Petition Wages, Salaries and Benefits Post-Petition

- Motion to Approve Premium Finance Agreement

- Application for Payment of Post-Petition Retainer Pursuant to 11 U.S.C. § 328

- Motion for Order Establishing Notice Procedures

- Establishing Interim Fee Application and Expense Reimbursement Procedures

262948v1\55555\JKG

2

U.S. Bankruptcy Court - Hawaii   #13-00554   Dkt # 17   Filed 04/08/13   Page 2 of 9

4. On April 5, 2013, Debtor filed its petition for Chapter 11 relief and continues to operate its several restaurants located in Aikahi at 25 Kaneohe Bay Dr., Kailua, 96734, Pearlridge at 98-1059 Moanalua Road, Aiea, 96701, Waipahu at 94-030 Farrington Hwy, Waipahu, 96797, and Dillingham at 1461 Dillingham Blvd., Honolulu, 96817.

5. At the time of the filing, Sovereign Bank, assignee of Irwin Franchise Capital Corporation, had filed several Uniform Commercial Code Financing Statements, all of which appear to only cover furniture, fixtures, and equipment and the proceeds of the foregoing.

6. Irwin Franchise Capital Corporation was the mortgagee of a Mortgage signed by myself, in my individual capacity. I am the mortgagor of the Mortgage. Debtor is not a mortgagor under the Mortgage.

7. True and correct copies of the Mortgage, filed financing statements and continuation statements were obtained from the Bureau of Conveyances and were attached to the Debtor's Statement Re: Motion For Interim Use Of Post-Petition Restaurant Receipts By Debtor-In-Possession filed herein on April 5, 2013.

8. Debtor has ordered a UCC lien report from Title Guaranty on an expedited basis and will supplement the record with any additional filings upon

receipt of the report. On advice of counsel, Debtor believes that the filed financing statements do not apply to Debtor's cash or accounts from the operations of its restaurant business.

9. The Debtor is in the affordable, casual dining market and utilizes many local vendors and suppliers in its restaurant business.

10. There are various vendors and suppliers that are critical to Debtor's business. Debtor has had relationships with these vendors and suppliers for many years. Some of the vendors and suppliers provide unique goods and those vendors and suppliers are irreplaceable or there are no other vendors or suppliers that would be willing to work with Debtor at rates suitable to Debtor's restaurant operations. Moreover, given the nature of the suppliers, most of the goods are provided on a current basis.

11. At the time of filing, there were various pre-petition amounts due to the vendors which Debtor seeks to pay post-petition. Without payment of the pre-petition amounts due, many may be unable or unwilling to provide Debtor with the goods and supplies necessary and crucial to Debtor's operations.

12. A list of vendors and suppliers critical to Debtor's operations is attached to the Motion to Pay Pre-Petition Critical Vendors.

13. The Debtor has 117 full-time and part-time employees and is presently operating several restaurant locations, including Pearlridge, Dillingham,

Aikahi and Waipahu with the main office located at 1465 Dillingham Boulevard, Honolulu, Hawaii 96817.

14. As part of their employment, employees receive wages, salaries, and benefits, such as health insurance and contributions to pension plans.

15. Employees are paid on a bi-monthly basis. At the time of filing, Debtor had incurred pre-petition wages, salaries and benefits for the period of March 21, 2013 to April 5, 2013. The next scheduled payroll date is April 10, 2013 to pay for the period of March 21, 2013 to April 3, 2013. The next following scheduled payroll date is April 24, 2013 to pay for the period of April 4, 2013 to April 17, 2013. The majority of pre-petition wages due was scheduled to be paid on April 10, 2013.

16. True and correct copies of lists of Debtor's employees, their pay rates and the amounts due and owing to each are attached to the Motion to Pay Pre-Petition Wages, Salaries and Benefits Post-Petition.

17. Prior to the bankruptcy filing, Debtor entered into an agreement with Premium Assignment Corporation for financing for its Employment Practices Liability Insurance ("EPLI") premiums. The payment terms are as follows:

| Total Premiums | Cash Down Payment | Amount Financed | Eight (8) Monthly Payments | Finance Charge | Total Payments |
|---|---|---|---|---|---|
| $9,887.33 | $2,584.33 | $7,303.00 | $938.01 | $201.08 | $7,504.08 |

262948v1\55555\JKG

5

U.S. Bankruptcy Court - Hawaii #13-00554 Dkt # 17 Filed 04/08/13 Page 5 of 9

18. The first payment was due on November 15, 2012. The next payment is due on April 15, 2013 and there are 3 payments remaining on the agreement.

19. A true and correct copy of the Premium Finance Agreement is attached to the Motion to Approve Premium Financing Agreement.

20. As part of its ordinary course of restaurant operations, Debtor provides special offers, discount cards, and gift cards to existing and potential restaurant patrons to encourage them to dine in Debtor's restaurants.

21. In Debtor's ordinary course of business, Debtor also provides trade checks to vendors in lieu of cash payments.

22. The special offers, discount cards, trade checks and gift cards enable holders to dine at Debtor's restaurants for a reduced price, in the amount of the face value of the special offer, discount card, trade check or gift card.

23. The Debtor will incur a nominal cost (and fully expected to have a *de minimis* effect in any event), and will get a substantial benefit (by avoiding irreparable damage to the goodwill of the Debtor) by honoring the special offers, discount cards, trade checks and gift cards in the ordinary course of business, rather than at a later date.

24. Additionally, the Debtor expects that honoring the special offers, discount cards, trade checks, and gift cards will generate sales in excess of the face amount of the special offer, discount card, trade check and gift card.

262948v1\55555\JKG

6

U.S. Bankruptcy Court - Hawaii #13-00554 Dkt # 17 Filed 04/08/13 Page 6 of 9

25. The Debtor will not be able to prevent erosion of its customer base and goodwill given the competitive nature of the restaurant industry if the public were to perceive that the bankruptcy is preventing the Debtor from honoring its obligations and meeting the needs of its customers.

26. Prior to the bankruptcy, Debtor entered into a merchant services agreement with NCR, JCB and American Express to provide credit card processing services for Debtor.

27. The terms of the agreements provide rates that are favorable to Debtor.

28. The Debtor does over $6,000,000.00 in annual sales, but like all restaurant operations, it was affected by the downturn in the economy.

29. The patrons for the Debtor's restaurants were particularly hard hit in this recession and the Debtor has been unable to satisfy all of the financial demands, including large debt service payments to its only secured creditor, its franchisor and to various landlords.

30. The filing of the bankruptcy petition was precipitated by technical issues with Debtor's franchisor, including inspections that Debtor believes were pretense to cancel or reform its exclusive state license.

31. The Debtor believes with time, and the expected recovery of the economy and the recovery among the Debtor's targeted consumers, the reduction

in monthly debt service payments, the re-evaluation of the Debtor's current locations and leases, the affordable casual dining restaurants will once again be profitable.

32. The Debtor has been operating in Hawaii since 2003 and I am now the sole member-manager of the Debtor.

33. The Chapter 11 will give the Company an opportunity to scale back its debt service payments, reevaluate the locations, and take appropriate action, including possible rejection of leases or sale of locations, and cure any deficiencies cited by the national franchisor.

34. In particular, the Debtor seeks the use, on an interim basis, of the post-petition restaurant revenues for the payments of post-petition expenses, including all allowed professional fees and costs, for those professionals approved by the Court and any fee arrangement also approved by the Court.

35. To the extent that the Court decides that the secured creditor is entitled to adequate protection, the Debtor proposes to give the secured creditor a replacement lien upon the entry of the Interim Order in the Debtor's post-petition revenues and determine, based on the budget, if additional or other adequate protection is needed.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this 8th of April 2013.

_____
CLINTON M.S. GOO
Member, Manager and Responsible Person,
GOKO RESTAURANT ENTERPRISES, LLC